IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EUN JUNG, an individual, <br> Plaintiff, <br><br> vs. <br><br> COWLITZ COUNTY, WASHINGTON, a Washington municipal entity; LEWIS COUNTY, WASHINGTON, a Washington municipal entity; TINA SCHNEIDER, an agent of Cowlitz County, Washington; OFFICERS JOHNSON and THOMPSON (first names unknown), agents of Cowlitz County, Washington, and OFFICER SMOKEY, an agent of Lewis County, WA <br><br> Defendants. | ) No.: 3:23-cv-5103 <br> ) <br> ) <br> ) <br> ) <br> ) **COMPLAINT FOR DAMAGES** <br> ) <br> ) **Violation of Civil Rights and Related State Torts** <br> ) <br> ) **42 USC § 1983 *et seq* (Due Process – Excessive** <br> ) **Force, Unlawful Seizure; Equal Production –** <br> ) **Racial Discrimination; Battery, False** <br> ) **Imprisonment )** <br> ) <br> ) **JURY TRIAL DEMAND** <br> ) <br> ) |

MAY IT PLEASE THE COURT, COMES NOW PLAINTIFF EUN JUNG and alleges truthfully as follows:

**A. PARTIES**

1.  Plaintiff Eun Jung was at all relevant times a resident of the State of Washington, but she presently resides in California.

2.  Defendants Cowlitz County, Washington and Lewis County, Washington are municipal entities and subdivisions of the State of Washington.

3.  Defendant Tina Schneider is an animal control officer in the employ of Cowlitz County, Washington.  Defendants Johnson and Thompson (so named on information and belief, names possibly erroneous, but are noted as "Johnson" and "Thompson" throughout) are deputies of the

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 1

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

Cowlitz County Sheriff.  At all relevant times, all said Defendants acted under color of law in their official capacities.

4. Defendants Smokey is an animal control officer of Lewis County, Washington.  At all relevant times, he acted under color of law per his official capacity as an agent of Lewis County, WA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this dispute per 42 USC §§ 1981, 1983, 1988 *et seq,* as well as personal jurisdiction over the Defendants per said authority.

6. Venue is proper in the Western District of Washington as the acts and omissions at issue occurred therein.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.[1]

## COMMON ALLEGATIONS OF FACT

8. Plaintiff Eun Jung, at the time of the events in question, is Washington resident.  She is a woman of South Korean descent.  She has a background in molecular cell biology and chemistry, and formerly served an oncology pharmacist in the San Francisco Bay area, helping patients who were afflicted with cancer.  Kind, caring, and convivial, Ms. Jung speaks with something of an accent, and her speech is partly affected as a result of injuries to her jaw sustained after a series of car crashes in recent years.  On information and belief, Defendants – in violating Plaintiff's civil rights – are motivated in material part by racial animus, by hatred and intolerance of her national origin, by disdain for the "ethnic" character of her name, and by intolerance for the particularities of her speech, to which they ascribed a negative racial etiology.

9. When her father begins to experience a decline in his health, Ms. Jung purchases property for his

---

[1] *See* FRCP 9. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 2

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

benefit in Toledo, Lewis County, WA. She moves there to take care for him.

10. Ms. Jung has always had a strong interest in genetics, and learns about the potential benefits of goat milk during her work in oncology. She develops an interest in breeding and raising goats, an opportunity that becomes available given her relocation to rural Washington. She soon begins breeding and raising a substantial number of animals, representing multiple species, including goats, chickens, horses, and dogs. These come to number over 250 individuals altogether.

11. Ms. Jung takes considerable pains to rescue animals that are being neglected in the care of others, and/or which are otherwise bound for slaughter because they'd ceased to be productive for commercial purposes. At all relevant times, she and her staff take excellent care of the animals, providing them all with good shelter, quality food in amply sufficient quantities, fresh water, love, and veterinary care as need be.

12. Ms. Jung's parents own a residential property in which various units are made available for rent, located at 2023 State Route 505, Toledo, Lewis County, WA. Ms. Jung assists her parents with management of the rental properties, including by vetting potential occupants.

13. In or around December of 2018 to January of 2019, a local woman named Rashell Heath contacts Ms. Jung about renting a residential unit, and further inquires about the possibility of being offered a residence employee opportunity.

14. Soon thereafter, on or around 2/1/2019, Ms. Heath turns in a rental application in conjunction with one Aaron Pollock, one Lonnie "Tony" Parker, and Defendant Tina Schneider.

15. Out of concern for the negative local reputation of Ms. Heath, Ms. Jung denies the residential application of these individuals on or about February 7, 2019.

16. That same day, (February 7, 2019) Plaintiff Eun Jung has a meeting with other prospective tenants for her property at 2023 State Route 505, when – having exited her car - she is assaulted by a pickup truck, falls into a creek, and suffers from severe hypothermia and related complications.

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 3

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

(Her car is totaled as a result of it ending up in the creek).   There is no cell service in the area and no help available; she has to walk home for 5 miles, in February (the temperature is then in the 20s (degrees F)), in wet clothes.   An eyewitness is confident she saw Ms. Heath (a known associated of Defendant Schneider) in the passenger seat of the vehicle.  Ms. Jung was able to observe the truck and its horse trailer.  On a later date, Plaintiff is able to determine that the trailer was registered to an associate of Schneider (on information and belief, Schneider's ex-spouse).

17. On or about February 22 of 2019, Plaintiff travels to Walnut Creek, CA, and planned to stay there until 3/9/2019.  While there, she receives information that her properties at both Toutle, WA and Toledo, WA have been broken into, and that Heath and Pollak have occupied the premises.  These persons remove several of her animals, sells them, and have them butchered.  Plaintiff's friend, Ms. Chhora, contacts the police, but they refuse to come until Eun Jung returns to Washington.

18. On February 26 of 2019, Plaintiff returns to Washington.  The police don't show upon her return, so the police report isn't done until 3/2/2019.  By around this time, Ms. Chhora's residence had been vandalized and rendered uninhabitable.  Meanwhile, Plaintiff's Toutle and Toledo properties remain occupied until March 19, 2019.  Defendant Schneider signs for a USPS package, as though she were a legitimate occupant of the premises.

19. On or about March 19, 2019, Plaintiff is subjected to assault with a weapon again this time at the Toutle property (Cowlitz County, WA).  Ms. Heath is seen getting out of the passenger side of the vehicle.  That same day, Defendant Schneider signs for a USPS delivery confirmation corresponding to the Toutle property (which belongs to Plaintiff's parents).  Defendant Schneider does not have permission to be on premises, nor does she have a warrant to search and/or seize property there.  On information and belief, Defendant Schneider is the driver of the vehicle during the March 19, 2019 vehicular battery.  Plaintiff sustains great fear and limited bodily injuries.  She seeks treatment at the emergency room.

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 4

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

20. On or about March 21, 2019, Defendant Schneider steals over $750,000 in valuables from commercial-grade vaults at Plaintiff's Toledo, WA property.

21. On March 29, 2019, Defendant Schneider, along with Heath and Pollack, are seen at the Toledo property.  Heath and Pollack are cut while stealing kitchen cabinets

22. On 4/5/19, upon repossession of Heath's rental furniture (Heath had moved into Plaintiff's premises by trespass), Heath and Pollack vandalize the Toledo premises and steal improvements from the premises.

23. On or about April 10, 2019, Defendant Schneider (introducing herself as an officer, and in the company of Parker) shows up at the Toutle property and delivers a 96-hr notice for correction. Schneider and Parker then go to the Toledo properties, assault a friend of Plaintiff's from Korea (Hyeyoung Shin) who is staying with her, and cause extensive damage to the properties by fire. They also commit various acts of cruelty against Plaintiff's animals.   Plaintiff files contemporaneous claims for property damage and theft.

24. On or about April 12 of 2019, a person purported to be Cowlitz County District Court judge (whose name is unknown and whose signature is undecipherable) purportedly issues a warrant based upon the testimony of Defendant Schneider.  On or about April 13, Defendant Schneider appears with a "Notice of Removal" for "54 goats" and "9 chickens." Defendant Schneider does not serve the warrant, and she removed all of Ms. Jung's animals.

25. On or about April 14, 2019, Defendant Schneider, acting under color of law, demands that Ms. Jung sign a document surrendering her animals after their seizure.  When Ms. Jung refuses to sign the instrument, Defendant Schneider tortures Plaintiff by burning her arm with a cigarette until she signs.  Two days later, Ms. Jung seeks medical treatment at Valley View Health Center in Winlock, WA.  The medical records show "partial thickness burn" of the arm, and refer the patient to dermatology for further treatment.

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 5

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

26. On April 24, 2019, Defendant Schneider – along with Pollack and Heath – go to Plaintiff's Toutle property, vandalizing it (taking the electrical panel down). This causes the loss of electricity at the pump house, 1/3 of the storefront, as well as 2 cabins and out-buildings. Plaintiff files a corresponding insurance claim for property damage, and also files a complaint with the Cowlitz County Humane Society (in regard to the theft of and harm to her animals, as described above).

27. On 05/29/2019 Schneider commits further theft at the Toledo property (in Lewis County) outside of Schneider's jurisdiction, barging in without even a pretense of a warrant, and attempts to steal three service dogs (one corresponding each with Eun, her mother, and her father). Schneider assaults Plaintiff Eun Jung again, as well as Eun's mother (pushing her off the deck), and her friend Hyeyoung Shin. Hyeyoung Shin attempted to protect Eun's mother, at which point Schneider attacked Ms. Shin. Plaintiff's personnel stop Schneider and ask her to leave the property, Schneider then lets several of Plaintiff animals out on the road (Emus, sheep, goats, etc) and calls to Lewis County. Schneider issues two citations for violations (for animals-at-large) within a 2-hour interval, and signs for another USPS package.

28. On 06/04/2019 Schneider issues citation for an alleged violation that supposedly occurred on 09/04/2018. [Plaintiff was out of state on that day, and Schneider had not been an officer as of the date of the supposed violation]. Cowlitz County consistently refuses and/or turns away Plaintiff's inquiries as to the legitimacy of Schneider's supposed status as an officer of the county at the times in question.

29. On October 25 of 2019, Defendant Schneider (in the company of Heath) tries to drop off a dog at Plaintiff's Toutle property. A contractor working on the property declines to take the dog, and asks Schneider and Heath to leave.

30. On or about October 26, 2019, in the early afternoon (between 12:00 and 2:00 PM) Defendant Thompson or Johnson and an unknown female officer – who on information and belief are

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 6

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

associates of Defendant Schneider – arrest Ms. Jung outside her parents' property in Toutle, Cowlitz County, WA, under false charges of "having a stolen dog in possession." Nobody else's dog is in Plaintiff's possession at the time (the dog that Schneider tried to drop off a day earlier was turned away).

31. The officers arrest her, take her to jail, and subject her to an intrusive search (even though there is no basis for reasonable suspicion of weapons or contraband).

32. In jail, plaintiff bleeds through open wounds, and requests the attention of medical staff. The police respond with "fuck you," and "this is the price you're paying for your crime," declining even to provide her with bandages to dress her wounds. On information and belief, none of the government agents involved have sufficient medical training or knowledge to determine that Plaintiff does not urgently need medical attention. As a result of the conduct of these government agents, Eun Jung experiences extraordinary pain and suffering, severe humiliation, and acute fear for her survival.

33. Plaintiff is discharged two days later, but not until after the police confiscate Plaintiff's wallet and the cash it contains. When Plaintiff asks for the return of her possessions, the police again respond with "fuck you."

34. On the same date that Ms. Eun Jung is subjected to the police brutality described above, Defendant Schneider and associates break into the Toutle property, without ever having served a warrant, and steal all three service dogs, as well as 10 puppies of the service dogs (each of which was heading into a service dog training program).

35. On or about October 27, 2019, Defendant Schneider shows up with a new Cowlitz county warrant – dated for a *future* date (11/1/2019) at Ms. Jung's Toledo, WA premises (Lewis County). The warrant is a fake: it is signed by Schneider herself as "Magistrate," but there is no record of Defendant Schneider being a "magistrate" in Cowlitz County.

36. On or about October 28, 2019, Plaintiff files a report for a stolen wallet at the time of her wrongful

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 7

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

arrest.  Schneider is assigned to investigate.

**37.** On or about November 6, 2019, Plaintiff finds that 18 of the animals on her property have died.  All had been foaming at the mouth and nose, strongly suggesting that they had been poisoned.  Ms. Jung collects a water sample for analysis.  On information and belief, Defendant Schneider – with or without the assistance of various conspirators – is responsible for poisoning Plaintiff's animals, most likely doing so while on the Toutle property on Oct. 27 to serve the fake warrant.

**38.** On November 8, 2019, Defendant Smokey – the animal control officer from Lewis County – comes to Plaintiff's Toledo property (in Lewis County), asserting that he is doing so "as [Defendant] Schneider's counterpart."  He confiscates the fake warrant, illegally searches the premises, confiscates the water sample that Plaintiff collected, and wipes prints from the edge of the well.  Defendant Smokey then detains Ms. Jung, forcibly pours water down her throat, and beats her in the head until she loses consciousness.  Ms. Jung sustains head trauma.  At or about the same time, Defendant Schneider is conducting further unlawful searches and seizures at the Toutle property,[2] availing herself of Officer Smokey's unlawful detention of Ms. Jung to do so.

39. On or about Christmas Day (Dec. 25), 2019, Defendant Schneider – without a warrant – breaks into Plaintiff's premises on her Toledo property, steals the last of her animals, and also wrongfully confiscates animal breeding equipment and a pasteurizer. Defendant Schneider returns once more on or about February 14, 2020, and beat Plaintiff so severely that her vision was compromised.

40. At all relevant times, the individual Defendants, by and through their conduct above, acted under color of law per their positions as officers of Cowlitz and Lewis Counties.  In doing so, they used unreasonable, unnecessary, and excessive force during their detentions of and gratuitous attacks

---

[2] …ostensibly in connection with the theft of Ms. Jung's wallet – a question beyond Schneider's jurisdiction;

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 8

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

upon Plaintiff.  The force was unreasonable in light of the circumstances at hand in each case. Plaintiff never posed any discernable threat (credible or otherwise) to any of the officers involved, she was never suspected of violent crime, she never resisted arrest, and she was repeatedly subjected to attack *upon her own premises* (and/or that of her immediate family) without said municipal officers having any lawful basis for being there.

41. Defendants committed these tortious and criminal actions against Plaintiff (and her interests) under color of law, including but not limited to acts amounting to felony assault, grand larceny, assault with a deadly weapon, attempted vehicular homicide, extortion, vandalism, arson, and animal cruelty.  They unlawfully violated Plaintiff's constitutional rights in the sanctity of her person and of her property.  They violated her due process rights in terms of both substance and procedure. Acting under color of law and motivated by racial animus, they subjected her to extrajudicial depredations they would never have visited upon a member of their own perceived race.

42. In furtherance of this course of unconstitutional and criminal misconduct, Defendants engaged in a civil and criminal conspiracy with one another and with various private citizens.  They falsely impersonated a judge in order to issue a false warrant.  Under color of that false warrant, they invaded Plaintiff's property *in a separate county* and beat her severely, poisoned her animals, and destroyed forensic evidence of their crimes.  They tortured her, subjecting her to punishment and duress that was not only extrajudicial, but cruel and unusual.

43. Defendants' unreasonable use of force, together with their unreasonable searches and seizures of her property, proximately caused Plaintiffs' substantial and material injuries – both economic and non-economic – in amounts to be demonstrated at trial.

44. Defendant municipalities of Cowlitz County and Lewis County had policies or custom in place that enabled their agents and/or employees to act with deliberate indifference to the constitutional rights of individuals residing or present therein.  Such policies included insufficient nor negligent

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 9

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

oversight, discipline, and/or training of law enforcement and animal control officers – including but not limited to such lax procedures as would enable (as self-evident from the facts above):

(i)     an animal control officer to impersonate a magistrate and issue false warrants,

(ii)    the invasion of property *in a separate county* under color of said false warrant,

(iii)   coordinated criminal conduct between parallel departments in both counties (see actions of Defendants Schneider (Cowlitz Co) and Smokey (Lewis Co)),

(iv)    the systematic abuse of official capacity for personal enrichment and graft (theft of over $750,000 in assets).

45. Defendant's conduct was driven by evil motive or intent, and/or involved a reckless or callous indifference to the constitutional rights of others.

46. Defendants' conduct, as alleged, caused Plaintiff neurological injuries, which on information and belief impaired Plaintiff's capacity to manage her activities of daily living and legal affairs until approximately October of 2020.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF - 42 USC § 1983 -  EXCESSIVE-FORCE CLAIM**

47. Plaintiff restates the allegations of paragraphs 1-46, above and re-incorporates them herein in their respective entireties.

48. Defendants' use of unreasonable, unnecessary, and excessive force violated Plaintiff's clearly established constitutional rights (Substantive Due Process in physical safety and integrity of the body[3] – 5th and 14th Amendments to US Constitution, Procedural Due Process rights against

---

[3] P.B. v. Koch, 96 F.3d 1298, 1302 (9th Cir. 1996)(stating:  "In *Hall v. Tawney,* 621 F.2d 607, 613 (4th Cir.1980), the court concluded that the "right to ultimate bodily security—the most fundamental aspect of personal privacy—is unmistakably established in our constitutional decisions as an attribute of the ordered liberty that is the concern of substantive due process...."

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 10

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

unreasonable seizure. Id.[4]

49. Defendants' conduct was not objectively reasonable in light of the circumstances, per the facts alleged at paragraphs 37-46, above.

50. Defendants conduct must be deemed willful. The deliberate nature of this misconduct is evident not only from the conspiracies involving multiple state and private actors coordinating their efforts between two counties, but also from the calculated and egregiously unlawful measures taken in furtherance of those conspiracies. That Defendants' course of conduct was malicious is clear from its barbarism and cruelty. Abuses on this scale could not reasonably have been possible without both the Defendant municipal entities and their individual actors exhibiting a reckless disregard for Plaintiff's established and clear constitutional rights.

51. Defendants' violations of Plaintiff's constitutionally-protected substantive Due Process rights proximately caused her damages as more fully alleged in the Prayer below.

**SECOND CLAIM FOR RELIEF  – 42 USC 1983 – *Monell* Liability against Cowlitz and Lewis Counties**

52. Plaintiff restates the allegations of paragraphs 1-51 above and re-incorporates them herein in their respective entireties.

53. Defendants Lewis County and Cowlitz County's customs and/or policies enabled their respective agents and employees to act with deliberate indifference to Plaintiff's constitutional rights, as alleged above.

54. Defendants' violations of Plaintiff's constitutionally-protected substantive Due Process rights

---

[4] *See e.g.* Kent v. City of Irvine, 100 F.3d 963 (9th Cir. 1996)(a "seizure" under the Fourth Amendment "requires an intentional acquisition of physical control.").

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 11

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

proximately caused her damages as more fully alleged in the Prayer below.

**THIRD CLAIM FOR RELIEF – 42 USC § 1983 - UNREASONABLE SEARCH AND SEIZURE AGAINST TINA SCHNEIDER IN HER INDIVIDUAL CAPACITY (PROPERTY INTERESTS)**

55. Plaintiff restates the allegations of paragraphs 1-54 above and re-incorporates them herein in their respective entireties.

56. Defendant's seizure of Plaintiff's assets – performed under color of law - violated Plaintiff's clear constitutional substantive due process rights in the value and ownership of her possessions.  That seizure was unreasonable in light of the circumstances: Defendant Schneider had no colorable authority to forcibly invade Plaintiff's premises and reside thereupon without her consent.  Defendant's seizures, to the extent executed beyond the scope or purview of any lawfully-issued warrant, also violated Plaintiff's procedural due process rights against unreasonable search and seizure.  [All rights referenced under this paragraph are guaranteed to Plaintiff under the 5th and 14th Amendments to the United States Constitution].  On information and belief, Defendants continue to hold Plaintiff's animals and assets, in continuing violation of Plaintiff's rights.

57. Defendant's violations of Plaintiff's constitutionally-protected procedural Due Process rights proximately caused her damages as more fully alleged in the Prayer below.

**FOURTH CLAIM FOR RELIEF – 42 USC § 1983 -UNREASONABLE SEARCH AND SEIZURE AGAINST COWLITZ COUNTY (*Monell Liability*)**

58. Plaintiff restates the allegations of paragraphs 1-57 above and re-incorporates them herein in their respective entireties.

59. Defendant Cowlitz County's customs and/or policies enabled their respective agents and employees to act with deliberate indifference to Plaintiff's constitutional rights, as alleged above.

60. Defendant's violations of Plaintiff's constitutionally-protected procedural Due Process rights proximately caused her damages as more fully alleged in the Prayer below.

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 12

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

**FIFTH CLAIM FOR RELIEF – 42 USC § 1983 – EQUAL PROTECTION VIOLATION**

61. Plaintiff restates the allegations of paragraphs 1-60 above and re-incorporates them herein in their respective entireties.

62. Plaintiff, at all relevant times, has been a member of a protected class by virtue of her ethnicity and national origin (as well has for her attributes – name, speech, and/or appearance - perceived to correspond to race or national origin).

63. The individual Defendants, acting in substantial part out of racial animus and without acting per a narrowly-tailored policy to serve a compelling governmental interest, violated Plaintiff's constitutional rights to equal protection under law (5th and 14th Amendments to the US Constitution) by unlawfully subjected Plaintiff to physical harm, psychological harm, and deprivations of her constitutionally-guaranteed rights in the integrity of her person and the ownership and possession of her property, doing so in a manner and to an extent to which they would not have subjected a person who was not of Plaintiff's perceived protected class.

64. Defendants' violations of Plaintiff's Constitutionally-protected rights to Equal Protection under Law proximately caused her damages in amounts to be established at trial.

**SIXTH CLAIM FOR RELIEF – 42 USC § 1983 – EQUAL PROTECTION VIOLATION (*Monell Liability*) AGAINST COWLITZ AND LEWIS COUNTIES**

65. Plaintiff restates the allegations of paragraphs 1-64 above and re-incorporates them herein in their respective entireties.

66. Defendants' violations of Plaintiff's Constitutionally-protected rights to Equal Protection under Law proximately caused her damages in amounts to be established at trial.

67. On information and belief, Defendant Cowlitz County's customs and/or policies enabled their respective agents and employees to act with deliberate indifference to Plaintiff's constitutional rights, as alleged above.

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 13

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

68. Defendant's violations of Plaintiff's Constitutionally-protected rights to Equal Protection under Law proximately caused her damages in amounts to be established at trial.

**SEVENTH CLAIM FOR RELIEF –VIOLATION OF EQUAL RIGHTS UNDER THE LAW (42 USC § 1981)**

69. Plaintiff restates the allegations of paragraphs 1-68 above and re-incorporates them herein in their respective entireties.

70. Per 42 USC § 1981,

*All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.*

… The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

71. This Court has subject matter jurisdiction regarding Defendants' violation of Plaintiff's civil rights.

72. On the basis of Plaintiff's race and/or gender (a woman of Asian descent), Defendants subjected Plaintiff to violations of security in her person and of her rights of property.

73. Defendants' conduct proximately caused Plaintiff damages in amounts to be recovered at trial, together with attorney fees and expert fees, per 42 USC § 1988.

**EIGHTH CLAIM FOR RELIEF – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS – 42 USC § 1985**
**(Against All Defendants)**

74. Plaintiff reasserts the allegations of Paragraphs 1-73, above, and reincorporates the same herein by reference.

75. 42 USC § 1985 provides a right of action for conspiracy to interfere with civil rights, where 'two or more persons in any State or Territory conspire ….for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; …[then] in any case of conspiracy set forth in this section, if one or

RE-SUBMITTED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

Page 14

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

76. As alleged above, two or more persons conspired to deprive Plaintiff Eun Jung of her rights to equal protection under the law on the basis of her race and/or gender.

77. In furtherance of said conspiracy, said Defendants/Conspirators committed acts in furtherance of the object of said conspiracy, as alleged, by which said persons proximately injured Plaintiff in her person and as to her property interest.

78. Consequently, Plaintiff is entitled to recover damages in amounts to be determined at trial.

**[PENDING] NINTH CLAIM FOR RELIEF - CIVIL BATTERY [To take effect upon completion of Tort Claim Notice Period]**

79. Plaintiff restates the allegations of paragraphs 1-78 above and re-incorporates them herein in their respective entireties.

80. At all relevant times, the individual Defendants acted with intent to cause harmful or offensive contact with Plaintiff, or an immediate apprehension of said contact;

81. Defendants effected said harmful and/or offensive contact with the Plaintiff, proximately causing her injuries.

82. Plaintiff is entitled to economic and non-economic damages in an amount to be demonstrated at trial. Defendants Cowlitz County and Lewis County are jointly and severally liable, per the doctrine of *respondeat superior*, for the actions of their agents as alleged above.

**[PENDING] TENTH CLAIM FOR RELIEF – CONVERSION [To take effect upon completion**

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 15

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

**of Tort Claim Notice Period]**

83. Plaintiff restates the allegations of paragraphs 1-82 above, and re-incorporates them herein in their respective entireties.

84. Defendants, by and through their conduct as alleged above, willfully interfering with Plaintiff's chattels, without lawful justification, whereby Plaintiff (being entitled to rightful possession of her chattels) was deprived of title to and/or possession of said assets.

85. Defendants' conversion proximately caused Plaintiff economic and non-economic damages in amounts to be established at trial.

86. Plaintiff is entitled to economic and non-economic damages in amounts to be demonstrated at trial. Defendants Cowlitz County and Lewis County are jointly and severally liable, per the doctrine of *respondeat superior*, for the actions of their agents as alleged above.

**[PENDING] ELEVENTH CLAIM FOR RELIEF – FALSE IMPRISONMENT [To take effect upon completion of Tort Claim Notice Period]**

87. Plaintiff restates the allegations of paragraphs 1-86 above, and re-incorporates them herein in their respective entireties.

88. Defendants' intentionally confinement of Plaintiff's person as alleged above, and did so where such confinement was unjustified under the circumstances.

89. Defendants availed themselves of Plaintiff's intentional and false confinement to subject her to physical battery and torture, as alleged above.

90. Plaintiff is entitled to economic and non-economic damages, for Defendants' unlawfully depriving her of her personal liberty and subjecting her to brutalities, pain, and fear against her will, in amounts to be demonstrated at trial. Defendants Cowlitz County and Lewis County are jointly and severally liable, per the doctrine of *respondeat superior*, for the actions of their agents as alleged above.

**[PENDING] TWELTH CLAIM FOR RELIEF – REPLEVIN – RCW § 7.64.010 [To take effect**

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 16

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

**upon completion of Tort Claim Notice Period]**

91. Plaintiff restates the allegations of paragraphs 1-68 above, and re-incorporates them herein in their respective entireties.

92. This is an action – in part - to recover the possession of personal property.  Specifically, on information and belief, many of Plaintiff's wrongfully-appropriated animals remain in the custody of Defendants.  Defendants' violations of Plaintiffs' right to possession of her animals and property are continuous and ongoing.  It is unknown whether they remain alive and where they may be, but Plaintiff is entitled to this information on an immediate basis per expedited discovery, and action is urgently needed recover as many of Plaintiff's animals as possible while they may still live.  Plaintiff has a right to obtain the immediate delivery of these animals, after a hearing, as provided in RCW § 7.64.010, along with any and all valuables that Defendants have misappropriated (whether obtained whilst wrongfully acting under color of law, by unlawful trespass, or otherwise).

**COMPLIANCE WITH NOTICE PROVISIONS**

93. Plaintiff timely presented her claims to Defendant(s) as required by applicable Washington law.

**PRAYER**

WHEREFORE, Plaintiff prays for the following relief:

1.  For an award of economic damages in an amount to be established at trial, to compensate Plaintiff for her medical expenses (past and future), loss of property, lost earning capacity, lost income, and out-of-pocket expenses;

2.  For an award of non-economic damages in an amount to be established at trial, to compensate Plaintiff for her mental anguish (past and future), physical injuries, disabilities and physical impairments (past and future), neurological impairments in the past and future, psychological impairments in the past and future, fear and anxiety (both past and future), trauma (past and future), traumatic stress (past and future), loss and sorrow, physical pain and suffering (past and

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 17

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

future), loss of companionship and consortium (past and future);

3. For the immediate recovery of Plaintiff's stolen animals and personal property;

4. For a referral of this matter to the Attorney General of Washington for appropriate administrative or parallel civil action;

5. For a referral of this matter to the US Attorney for criminal prosecution of the culpable individual Defendants;

6. For an award of punitive damages sufficient to materially deter future abuses of power by similarly-situated municipal authorities and agents that might be – as here – driven by evil motive or intent, and/or which demonstrate a reckless or callous indifference to the constitutional rights of others.  Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983).

7. For an award of Plaintiff's reasonable attorney fees incurred per 42 USC § 1988(b);

8. For an award of prejudgment and post-judgment interests;

9. For the costs of suit;

10. For all other relief the Court deems appropriate, and which it may grant per its powers at Law and or in Equity.


RESPECTFULLY SUBMITTED this Feb. 6, 2023

NW Business Law LLC

By:  __/s/ Eric Helmy_____
     Eric Helmy, WSBA #43554
     Of Attorneys for Plaintiff
     EUN JUNG

RE-SUBMITTED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES

Page 18

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM